UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH WAYNE FOSTER,

Plaintiff,

v.

LESLIE SCHMIDT, et al.,

Defendants.

No. 2:17-cv-2199-MCE-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. His initial complaint was dismissed with leave to amend for failure to state a cognizable claim. ECF No. 9. He has filed his first amended complaint (ECF No. 12), which is now before the court for screening.

Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

1

*Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Like its predecessor, the amended complaint raises claims related to a "soft tissue mass" in plaintiff's upper back. He claims that defendant Schmidt diagnosed the mass after a physical exam. ECF No. 12 at 2. X-rays and MRI examinations confirmed the diagnosis. *Id.* Plaintiff then had a consultation with defendant Steen Jensen, at which he was allegedly informed that an excision of the mass would be scheduled. *Id.* He alleges that the excision procedure was approved on an official form. *Id.*

At some point after the consultation with Jensen, plaintiff alleges that defendant Ralph Delgado – a secondary medical reviewer - denied the excision. *Id.* at 3. In his decision, Delgado allegedly noted that "it is not clear from the evidence that [the mass] interferes with ADLS or that the pain is severe in nature." *Id.* Delgado went on to note that "[t]he pain needs to be better

defined . . . [i]f the lipoma is impacting [undecipherable][1] please document what and how." *Id.* Plaintiff alleges that the severity of his pain was well documented, however. *Id.* at 4. As result of Delgado's decision, plaintiff states that his mass increased in size and he suffered greater negative effects therefrom. *Id.* at 4-5.

As an initial matter, although plaintiff names Schmidt and Jensen as defendants to this complaint, it is entirely unclear from his allegations how either engaged in deliberate indifference. As noted *supra*, both examined his mass and the ultimate result of these examinations was a referral for excision – a procedure plaintiff obviously believes was necessary. Consequently, both of these defendants should be dismissed.[2]

Whether plaintiff has sufficiently alleged deliberate indifference on the part of Delgado presents a closer call. The court begins by noting that it does not appear from the allegations that Delgado's denial of the excision procedure was either dismissive or final. Rather, he appears to have had doubts about the necessity of the procedure based on the record before him and desired clarification before approving excision. Obviously, plaintiff feels that Delgado's reading of the record was incorrect and that, at the time of the denial, there was a sufficient basis for moving forward with excision. Simple mistake, however, does not equate to deliberate indifference. *See Hutchison v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). Rather, deliberate indifference requires a state of mind comparable to criminal recklessness. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). No facts are alleged in the complaint which indicate that Delgado exhibited that level of disregard for plaintiff's condition.
/////

---

[1] Plaintiff transcribed the notes to Delgado's decision rather than submitting the document itself in conjunction with his complaint.

[2] Near the end of the complaint, plaintiff vaguely alleges that Schmidt "did not make available any form of treatment for the pain or slowly [e]nlarging lipoma . . . ." ECF No. 12 at 15. This is insufficient to establish deliberate indifference, especially since the allegations appear to indicate that plaintiff's consultation with Jensen and referral for excision resulted from Schmidt's diagnosis. Thus, Schmidt cannot credibly be alleged to have ignored the condition she diagnosed.

Rather, he highlighted – mistakenly perhaps – certain omissions that needed clarification before approving a surgical procedure.

## Leave to Amend

Having determined that this amended complaint, like its predecessor, fails to state a viable claim, the court must determine whether to grant plaintiff further leave to amend. In light of plaintiff's *pro se* status and the fact that his allegations against Delgado come close to stating a cognizable claim, the court will grant him one final opportunity to amend.

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his

amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 12) is dismissed with leave to amend within 30 days of service of this order; and

2. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: May 20, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE