UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WAYNE FOSTER,<br><br>   Plaintiff,<br><br>  v.<br><br>RALPH DELGADO,<br><br>   Defendant. | Case No.  2:17-cv-02199-MCE-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 33 |

  Joseph Wayne Foster ("plaintiff") alleges that, while he was incarcerated at High Desert State Prison, defendant Ralph Delgado violated his Eighth Amendment rights by denying him medical care for a painful back lipoma. Defendant Delgado has filed a motion for summary judgment arguing that he lacked the requisite culpability for Eighth Amendment deliberate indifference. After reviewing the pleadings, including plaintiff's late-filed opposition, I recommend that defendant's motion be granted.[1]

---

[1] Defendant argues that I should disregard plaintiff's opposition. ECF No. 37 at 2-3. This argument is well-taken but, out of an abundance of caution and considering plaintiff's *pro se* status, I have considered the opposition.

1

**Motion for Summary Judgment**

**A.     Legal Standards**

        **1.     Summary Judgment Standard**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving

2

party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**2.    Eighth Amendment Deliberate Indifference to Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d

3

1050, 1059 (9th Cir. 1992)). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Indifference may be manifest "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs. *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

**B. Background**

Plaintiff alleges that, while incarcerated at High Desert State Prison, he began to experience pain on the left side of his upper back. ECF No. 16 at 2. He submitted a health request form and saw physician Leslie Schmidt. *Id.* After examining plaintiff, Schmidt discovered a "soft tissue mass" and referred plaintiff to an outside surgeon. *Id.* The surgeon

4

1  diagnosed plaintiff with a lipoma.  ECF No. 33-3 at 32.  Schmidt then requested that a surgical
2  excision of the lipoma be authorized.  *Id.* at 40.  Defendant Delgado, a physician advisor working
3  for the California Department of Corrections and Rehabilitation, denied Schmidt's request.  *Id.*
4  He acknowledged the surgeon's diagnosis, but found that the medical evidence was inconclusive
5  as to whether the lipoma interfered with plaintiff's activities of daily life and whether the pain
6  was severe.  *Id.* at 67.  Delgado referred the matter back to Schmidt and requested that plaintiff's
7  pain be "better defined" and that additional information be provided as to whether the lipoma was
8  impacting plaintiff's "neurocirc."  *Id.*  The defendant had no further involvement in any treatment
9  decision affecting the plaintiff.  *Id.*  The medical records show that the next time plaintiff sought
10  treatment for his lipoma was on April 25, 2017, following a transfer to a different institution.  *Id.*
11  at 6.

### C. Analysis

13  The evidence shows that defendant Delgado did not act with a degree of culpability rising
14  to the level of deliberate indifference.  As stated above, a prison official cannot exhibit deliberate
15  indifference unless he "knows of and disregards an excessive risk to inmate health and safety."
16  *Farmer*, 511 U.S. at 837.  The Supreme Court has equated this standard to criminal recklessness.
17  *Id.* at 839-40.  Here, Delgado's involvement in plaintiff's care was limited to reviewing Schmidt's
18  request for a surgical excision of the lipoma.  In denying the request, Delgado explicitly professed
19  a lack of awareness as to whether the lipoma was an excessive risk to plaintiff's health.  He noted
20  that the records did not convey the severity of plaintiff's pain or the extent of the lipoma's impact
21  on his daily activities.  Delgado's denial was not a final one; it explicitly invited resubmission of
22  the request with additional information.  ECF No. 33-3 at 67.  Nothing in the record implies that
23  Delgado's requests for additional information on these issues were disingenuous or intended as
24  dilatory.

25  Additionally, there is no evidence that the delay occasioned by Delgado's decision
26  negatively impacted plaintiff's health.  A delay in treatment only amounts to deliberate
27  indifference if it led to further harm.  *See McGuckin*, 974 F.2d at 1060.  In his deposition, plaintiff
28  admitted that, after Delgado's denial, the pain level for the lipoma remained "tolerable."  ECF

No. 33-2 at 4.  Indeed, plaintiff refused an April 2016 follow-up appointment with his primary care provider to discuss Delgado's denial of the surgical procedure.  *Id.* at 42.  It was not until the following year that plaintiff, at a different institution, again sought treatment for the lipoma.  *Id.* at 68.

Plaintiff's opposition offers little in the way of substance.  It is, as defendant points out in his reply, primarily a restatement of plaintiff's allegations.  It also cites to and relies upon California Department of Corrections and Rehabilitation regulations, but non-compliance with those rules, standing alone, cannot sustain an Eighth Amendment claim.  I find that plaintiff has not demonstrated the existence of genuine issues of fact that would necessitate a trial.

Based on the foregoing, it is recommended that:

1. Defendant Delgado's motion for summary judgment, ECF No. 33, be granted and plaintiff's claims against him be dismissed with prejudice.

2. The Clerk of Court be directed to close this case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   August 10, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6